1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| CHANSAMONE APHAYAVONG, | CASE NO. 06cv2552-IEG (WMc) |
|---|---|
| Plaintiff, | ORDER: |
| vs. | (1) DENYING AS MOOT PETITIONER'S MOTION TO STAY AND ABEY; |
| A. MALFI, Warden, et al., | |
| Defendant. | (2) ORDER TO RESPOND |

On November 15, 2006, Petitioner, Chansamone Aphayavong, a state prisoner proceeding *pro se* and *in forma pauperis*, filed Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). [Docket No. 1.] On December 5, 2006, Petitioner received from the Court a "Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies." [Docket No. 5.] Thereafter, on January 9, 2007, Petitioner, submitted to the Court a "Motion for a Stay and Abeyance to Exhaust Additional Issues in the State Supreme Court." [Docket No. 10.] In addition, on January 26, 2007, Petitioner submitted a "Motion for a Stay and Abeyance to Exhaust Additional Issues in the State Supreme Court." [Docket No. 14.]

The exhaustion of available state judicial remedies is generally a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. 28 U.S.C. § 2254(b); see also *Rose v. Lundy*, 455 U.S. 509, 522 (1982). The exhaustion requirement is designed to provide the state court with a "fair opportunity" to first pass upon violations of a petitioner's federal rights.

*Anderson v. Harless*, 459 U.S. 4, 6 (1982). A claim has not been "fairly" presented if facts alleged in federal court fundamentally alter the nature of the claim that was presented to the state's highest court. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *cf. Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988) (a federal petition may not be supported by facts that put the claim in a "significantly different and stronger evidentiary posture" than that addressed by the state court). A petitioner may actually exhaust his claims by providing the state court with an opportunity to review the facts and legal theories in a procedurally appropriate manner. Generally, a state's appellate review procedure requires a petitioner to present his claims to the state's highest court, even where review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Additionally, the petitioner must present the state court with the *same* claims presented to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

However, for purposes of exhaustion, *pro se* petitions are held to a more lenient standard than those petitions filed by prisoners represented by counsel. *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003); *see also Paterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003) ("the complete exhaustion rule is not to trap the unwary *pro se* prisoner."). The purpose of the exhaustion rule is to give the state court a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in enforcement of federal law." *Rose*, 455 U.S. at 518. The exhaustion requirement is a matter of comity, not jurisdiction. *Ex parte Royall*, 117 U.S. 241, 250-51 (1866).

When a petitioner presents a petition with both exhausted and unexhausted claims, the Supreme Court has held that a federal district court may not rule on the mixed petition; but instead must dismiss the petition without prejudice, giving petitioner the chance to either return to state court to provide the state the first opportunity to address any unexhausted claims or to file an amended petition in federal court containing only exhausted claims. *Rose*, 455 U.S. at 518-19. The Ninth Circuit has held that "it is error for a district court to dismiss a mixed habeas petition without first offering the petitioner the options provided in *Rose v. Lundy*, 455 U.S. 509 (1982)." *See Jefferson v. Budge*, 419 F.3d 1013, 1014, 1016 (9th Cir. 2005); *see also Rhines v. Weber*, 544 U.S. 269 (2005) ("if a petitioner presents a district court with a mixed petition . . . the court should

1  allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if
2  dismissal of the entire petition would unreasonably impair the petitioner's right to habeas relief.").
3      Here, in both motions presented by Petitioner, he sought to hold his case in abeyance so he
4  could return to the state court and "exhaust all claims entitled." [P's January 26, 2007, Mtn. At 1.]
5  However, both motions lacked the necessary information for the Court to decide whether a stay
6  was justified in accordance with *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005)(staying a mixed
7  petition is appropriate only when the district court finds:1) there was good cause for failure to
8  exhaust the claim; 2) the claim is not plainly meritless; and 3) there is no indication that the failure
9  to exhaust was for purposes of delay). Thus, on February 14, 2007, the Court issued and order
10 requiring Petitioner to file a supplement to his motions and provide the Court with the necessary
11 information the Court needs to rule upon Petitioner's motion. [Docket No. 15.] In addition,
12 Petitioner was advised "[i]f Petitioner does not submit a supplement conforming to this order, the
13 Court will recommend that his motion be denied without prejudice." [Order of February 14, 2007,
14 p.2.]
15     Petitioner never complied with the Court's order. However, on June 26, 2007,  the
16 Petitioner submitted a letter to the Court (received by the Court on June 29, 2007), stating in
17 pertinent part:
18     **I am in receipt of a judgement (sic) from the Supreme Court of**
19     **California, I've enclosed the Original Copy of the Judgement (sic).**
20     **I am now requesting to proceed with my Petition for Writ of Habeas**
21     **Corpus.**
22 It appears, from this letter, that Petitioner is asserting that his Petition for Writ of Habeas Corpus
23 [Docket No. 1] is now fully exhausted and ready for review.
24     Accordingly, based upon Petitioner's request to proceed with his petition the pending
25 "Motion for a Stay and Abeyance to Exhaust Additional Issues in the State Supreme Court" is
26 **DENIED** as moot.
27     Therefore, Respondent is ordered to file an answer or other responsive pleading to the
28 Petition for Writ of Habeas Corpus.  Respondent shall file the pleading no later than **October 31,**

**2007**. If an answer is filed, it shall conform to the requirements of Rule 5, Rules Governing § 2254 Cases. See Rule 5, 28 U.S.C. foll. § 2254. The answer shall include any and all transcripts or other documents relevant to the determination of the issues presented in the Petition pursuant to 28 U.S.C. § 2254.

Respondent is further ordered to serve a copy of the pleading upon the Petitioner concurrent with the filing of the pleading with the Court.

If Petitioner wishes to reply to the pleading, a traverse or other appropriate pleading must be filed no later than **November 23, 2007**.

**IT IS SO ORDERED.**

DATED: September 19, 2007

*[signature]*

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

cc: Honorable Irma E. Gonzalez
    U.S. District Judge

All Counsel and Parties of Record